UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TIFFANY WOODS,
on behalf of her minor child, A.L.D.,

Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:16-cv-503

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

This Social Security disability benefits appeal brought pursuant to 42 U.S.C. § 405(g) is before the undersigned for disposition based upon the parties' consent. Doc. 12. Plaintiff Tiffany Woods ("Plaintiff"), brings this case *pro se* on behalf of her minor child, A.L.D. ("ALD"), challenging the Administrative Law Judge's ("ALJ") determination that ALD is not "disabled" and therefore unentitled to child Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 13), the Commissioner's memorandum in opposition (doc. 14), the administrative record (doc. 7),[1] and the record as a whole. Given her pro se status, Plaintiff's filings and arguments are liberally construed in her favor. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (stating that *pro se* pleadings "are entitled to a liberal construction" and that "appropriate liberal construction requires active interpretation in some cases to construe a *pro se* petition 'to encompass any allegation stating federal relief'") (citations omitted).

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

**I.**

**A.     Procedural History**

Plaintiff filed an SSI application on ALD's behalf on March 28, 2014, alleging disability as a result of a number of alleged impairments including, *inter alia*, attention deficit hyperactivity disorder ("ADHD").  PageID 56, 164-69.

After an initial denial of ALD's SSI application, Plaintiff received a hearing before ALJ George Michael Gaffaney on September 25, 2015.  PageID 75-85.  The ALJ issued a decision on November 6, 2015 finding ALD not disabled.  PageID 54-64.  Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 46-48.  *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 54-64), Plaintiff's Statement of Errors (doc. 13), and the Commissioner's memorandum in opposition (doc. 14).  The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

**II.**

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found the claimant disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     Childhood Disability Standard**

Section 1614(a)(3)(C)(i) of the Social Security Act provides that an individual under the age of eighteen is disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). Pursuant to 20 C.F.R. § 416.924, the ALJ must apply a three-part test to evaluate a child's disability:

> 1) A child will be found "not disabled" if he [or she] engages in substantial gainful activity. If the child is not engaging in substantial gainful activity, the analysis proceeds to the next step. 20 C.F.R. § 416.924(b).
>
> 2) A child will be found "not disabled" if he [or she] does not have a severe impairment or combination of impairments. If the child has a severe impairment or combination of impairments, the analysis proceeds to the next step. 20 C.F.R. § 416.924(c).

3

> 3) A child will be found "disabled" if he [or she] has an impairment or combination of impairments that meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P. Appx. 1. If not, then the child is not disabled. 20 C.F.R. § 416.924, § 416.925, and § 416.926.

20 C.F.R. § 416.924(1)-(3). Thus, a child may be found disabled if she has "a severe impairment or combination of impairments that does not meet or medically equal any Listing . . . [but] results in limitations that functionally equal the Listings." 20 C.F.R. § 416.926a(a).

A child's functioning is assessed by considering how the child functions in her activities in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To functionally equal the Listings, the child's impairment(s) must result in "marked" limitations in at least two domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d). A "marked" limitation results if the child's impairment(s) "interferes seriously" with the child's "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). A marked limitation is one that is "'more than moderate' but 'less than extreme.'" *Id.* An extreme limitation exists when a child's impairment(s) "interferes very seriously" with the child's "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). "'Extreme' limitation also means a limitation that is 'more than marked.'" *Id.* A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

A preliminary issue exists as to whether Plaintiff Tiffany Woods, ALD's mother, can bring this action on behalf of ALD in this court. Ms. Woods brought this action on ALD's behalf without an attorney. PageID 77-78. The docket sheet reflects that this action was brought by Tiffany Woods on behalf of ALD, "who is a minor," and the complaint and

other papers in this action were signed by Ms. Woods. *See* Docs. 1, 13.

Although neither party has addressed the issue of standing in any filing in this case, the Court has an obligation to raise standing issues *sua sponte*. *Adarand Constructors, Inc. v. Mineta*, 534 U.S. 103, 109 (2001). As a general rule, a parent or legal guardian cannot represent a minor or incompetent litigant in federal court proceedings without an attorney. *See* Fed. R. Civ. P. 17(c). While an adult has the right to act as his or her own counsel, *see* 28 U.S.C. § 1654, a non-attorney parent is generally not permitted to represent the interests of his or her minor child in federal court. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *see also Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). The Sixth Circuit has held that "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd*, 313 F.3d at 970; *see also Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (noting "it is not in the interests of minors or incompetents that they be represented by non-attorneys").

This rule, however, has been relaxed by several other Circuits in the narrow field of Social Security appeals brought by a minor child's parent. As the Fifth Circuit observed in *Harris v. Apfel*, 209 F.3d 413 (5th Cir. 2000):

> We agree that the rights of minors in SSI appeals can be adequately protected without legal counsel -- the proceedings essentially involve the review of an administrative record. We are persuaded that prohibiting non-attorney parents from proceeding *pro se* in appeals from administrative SSI decisions, on behalf of a minor child, would jeopardize seriously the child's statutory right to judicial review under § 405(g).

*Harris*, 209 F.3d at 417. *See also Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002) (holding that "a non-attorney parent who brings an SSI appeal on behalf of his or her children has a sufficient interest in the case and meets basic standards of competence...may bring an action on behalf of his or her child without representation by an attorney"). Courts which have

addressed this specific issue have noted that non-attorney parents may represent their children in administrative proceedings before the Commissioner, *see* 20 C.F.R. § 416.1505(b), and have also considered persuasive the fact that custodial parents often have a personal stake in their children's SSI litigation because the parents must bear the additional maintenance expenses associated with their children's medical conditions. *Id.*; *see also Harris*, 209 F.3d at 416-17.

The Court concludes the same policy considerations -- which allow a parent to file a *pro se* Social Security appeal on behalf of a minor child -- apply in this case. As ALD's mother, Ms. Woods has presumably borne much of the costs associated with ALD's medical treatments documented in the record. Accordingly, Ms. Woods may represent the interests of ALD in this instance, and the Court will not recommend dismissal of this action on standing grounds, *i.e.* that Tiffany Woods has brought this *pro se* Social Security Appeal in her capacity as ALD's mother and without an attorney.

**IV.**

Because Plaintiff is proceeding *pro se* and does not identify any specific errors within the ALJ's decision in her concise Statement of Errors, the Court assumes and liberally construes her Statement of Errors to mean that she is challenging the decision of the ALJ as being unsupported by substantial evidence. Doc. 13 PageID 553-56. The Court has carefully reviewed the ALJ's thorough and well-written decision to determine whether the ALJ's findings were made in compliance with the applicable law and whether substantial evidence in the record supports those findings. Based upon its review, the Court finds the decision of the ALJ supported by substantial evidence, and affirms the same.

**A. Did Not Meet or Medically Equal a Listed Impairment**

Pursuant to 20 C.F.R. § 416.924, the ALJ properly applied the three-part analysis in evaluating ALD's childhood disability claim. The ALJ found, at Step Three, that although

ALD has ADHD, this severe impairment did not meet, medically equal or functionally equal any Listing. PageID 56-64. The ALJ appropriately found that the record and testimony failed to corroborate the severity of ALD's alleged limitations.

Specifically, the ALJ determined that ALD did not meet or medically equal Listing § 112.11, the listing for ADHD that applies to individuals under the age of eighteen. PageID 56-57. To meet or equal § Listing 112.11, a child must have medically documented findings of marked inattention, marked impulsiveness, and marked hyperactivity, resulting in a marked impairment in at least two of the following: (1) age-appropriate cognitive/communicative function, (2) age-appropriate social functioning, (3) age-appropriate personal functioning, or (4) maintaining concentration, persistence, or pace. 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 112.02(B)(2), 112.11. A claimant's impairment "medically equals" a listed impairment if it is "at least equal in severity and duration to the criteria of any listed impairment." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011). The ALJ reasoned that ALD does not meet or equal Listing § 112.11 because "she does not have marked inattention, marked impulsiveness, [or] marked hyperactivity along with other appropriate age-group criteria." PageID 56-57. Substantial evidence in the record supports the ALJ's conclusion. *See* PageID 56-64.

### B. Did Not Functionally Equal a Listed Impairment

As discussed above, a child's impairment functionally equals a listed impairment if the child has an "extreme" limitation in one area of functioning or "marked" limitations in two areas of functioning. 20 C.F.R. § 416.926a(a). The ALJ determined that ALD had a marked limitation in interacting and relating with others. PageID 61-62. In all other areas of functioning, however, the ALJ reasonably found no or less than marked limitations. PageID 57-64. In making this determination, the ALJ considered ALD's educational records, medical

evidence of record, the statements of Ms. Woods, and the evaluations from Kristen Haskins, Psy.D. and Karla Voyten, Ph.D.  PageID 57-59, 61, 79-84, 87-94, 96-103, 241-57, 259-73, 278-92, 298-302, 309-13, 318-30, 339-42, 348-52, 414-18, 495-504, 521-25, 530-35.

Based upon the foregoing, the Court finds the ALJ's non-disability decision supported by substantial evidence.

## V.

The Court thus **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date:   February 7, 2018              s/ Michael J. Newman
                                       Michael J. Newman
                                       United States Magistrate Judge